Alex Asil Mashiri, Esq. (SBN 283798)
Alexmashiri@yahoo.com
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
GRANT GARSKE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GRANT GARSKE ) | Case No. '17CV1514 LAB AGS |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT FOR DAMAGES** |
| vs. ) | |
| ) | |
| AMERICAN EXPRESS BANK ) | |
| ) | |
| ) | |
| Defendant. ) | **[DEMAND FOR JURY TRIAL]** |
| ) | |
| ) | |

Plaintiff GRANT GARSKE alleges as follows:

## INTRODUCTION

1. Plaintiff, GRANT GARSKE (hereinafter referred to as "Plaintiff"), brings this lawsuit against AMERICAN EXPRESS BANK ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA").

2. Plaintiff seeks actual damages, statutory damages, and costs, and other relief the Court deems appropriate.

## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing

- 1 -
COMPLAINT

in the County of San Diego, State of California.

4. Plaintiff is a "person" as defined under the TCPA.

5. Plaintiff is informed and believes and therefore alleges that Defendant is and at all times mentioned herein was, a business entity, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012). This court also has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331 and 28 U.S.C. section 1367 for supplemental state claims.

8. This action arises out of violations of the TCPA. Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

9. Venue is proper pursuant to 28 U.S.C. section 1391.

## RELEVANT FACTS

10. Upon information and belief, sometime in or before June 2012, Defendant began making collection calls to Plaintiff's cellular telephone, attempting to collect a debt allegedly owed to it.

11. Defendant placed calls to Plaintiff's cellular telephone at phone number ending in "0992."

12. On or about June 27, 2012, Defendant called Plaintiff's cellular telephone and Plaintiff picked up the telephone call. In the course of the telephone

phone call, Plaintiff requested that Defendant cease placing collections calls to his cellular phone. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant or anyone on its behalf, in the course of the call on June 27, 2012.

13. Despite the fact that Plaintiff had revoked his consent to be contacted on his cellular telephone on June 27, 2012, Plaintiff started to receive collection calls from Defendant in September 2013.

14. On or about November 18, 2013, Defendant called Plaintiff's cellular telephone and Plaintiff picked up the telephone call. In the course of the telephone phone call, Plaintiff once again requested that Defendant ceases placing collections calls to his cellular phone. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant or anyone on its behalf for a second time, in the course of the call on November 18, 2013. Despite this the collection calls continued.

15. On or about December 31, 2014, Defendant called Plaintiff's cellular telephone and Plaintiff picked up the telephone call. In the course of the telephone phone call, Plaintiff once again requested that Defendant ceases placing collections calls to his cellular phone. Plaintiff revoked any consent, express, or implied, to receive calls from Defendant or anyone on its behalf for a third time, in the course of the call on December 31, 2014. Despite this the collection calls continued.

16. At all times herein, Defendant placed collection calls to Plaintiff's cellular telephone at phone number ending in "0992" starting in September 2013 despite that the fact that Defendant had no express or implied consent to call Plaintiff's cellular telephone ending in "0992."

17. Despite the lack of any consent, Defendant placed numerous collection calls to Plaintiff's cellular telephone at phone number ending in "0992" via an "automatic telephone dialing system" ("ATDS") as defined by 47 U.S.C. section 227(a)(1) or with an artificial or prerecorded voice as proscribed under 47 U.S.C. section 227(b)(1)(A).

18. Defendant placed calls to Plaintiff's cellular telephone using the several different telephone number including but not limited to: (800) 266-7073, (602) 537-9011, (888) 819-2135, and (800) 592-1160. Defendant may have also used different numbers when contacting Plaintiff via an ATDS.

19. Plaintiff is informed and believes, and thereon alleges, that Defendant's telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. section 227(b)(1)(A)(i).

20. Upon information and belief, the ATDS used by Defendant to call Plaintiff has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

21. Upon information and believe, counting the calls from September 2013, Defendant placed approximately 145 or more telephone calls to Plaintiff's cellular phone via an ATDS or with an artificial or prerecorded voice after he had revoked his consent. These calls took place between September 2013 and March 2015.

22. Defendant's telephone calls to Plaintiff's cellular telephone caused Plaintiff stress, annoyance, and anxiety, especially because these calls were placed on his cellular telephone.

23. By repeatedly and excessively calling his cellular telephone, after Plaintiff told Defendant not to, Defendant invaded Plaintiff's right to privacy.

## FIRST CAUSE OF ACTION
### (Negligent Violations of the TCPA against all Defendants)

24. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

25. The forgoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq.*

26. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy,

and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

27. As a result of Defendants' negligent violations of 47 U.S.C. section 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B).

28. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### (Knowing and/or Willful Violations of the TCPA against all Defendants)

29. Plaintiff re-alleges the foregoing paragraphs as if fully set forth herein.

30. The forgoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and everyone one of the above-cited provisions of 47 U.S.C. section 227 *et seq*.

31. As a result of Defendants' telephone calls, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, invasion of privacy, and out-of-pocket expenses, including telephone charges, the exact amount of which is to be proven at trial.

32. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. section 227 *et seq.,* Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. section 227(b)(3)(B) and 47 U.S.C. section 227(b)(3)(C).

33. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;
2. For statutory damages;
3. For injunctive relief prohibiting such conduct in the future;

4.  For interest according to law;

6.  For costs of suit herein incurred; and

7.  For other and further relief as the court may deem proper.

DATED: July 25, 2017  **MASHIRI LAW FIRM**
A Professional Corporation
By: /s/Alex Asil Mashiri
Alex Asil Mashiri
Attorney for Plaintiff,
Grant Garske